Jason Hight (SBN 350574)
Law Office of Jason Hight
6366 Commerce Blvd., #346
Rohnert Park, CA 94928
(707) 230-0095
Jasonhight.law@gmail.com

Attorney for Plaintiff,
Patricia Lanier

**ELECTRONICALLY FILED**
SUPERIOR COURT,
COUNTY OF LAKE
**12/18/2025 at 03:53:43 PM**
Krista D. LeVier
By _____
Melanie M Smith, Deputy Clerk

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LAKE

PATRICIA LANIER,

      Plaintiff,

vs.

CITY OF LAKEPORT AND DOES 1 THROUGH 100,

      Defendants

Case No.: CV428090

**COMPLAINT FOR DAMAGES FOR 42 U.S.C §1983 VIOLATION OF CIVIL RIGHTS**

**Hearing Date;**
**Hearing Time:**
**Department:**

This is an action brought under 42 U.S.C. sections 1983 and the laws of the State of California to hold the City of Lakeport, via its policy maker, the Chief of Police, and two (2) of its officers, accountable for their unreasonable, unlawful, and malicious violations of the Plaintiff's rights.

On the morning of December 21, 2023, the Plaintiff, Patricia Lanier, drove to the Lake County Courthouse in Lakeport, California to file a Request for Order to seek Emergency Custody of her son, whose father was intentionally keeping him from her. Instead of being able to file her Request for Order, Plaintiff endured violations of her civil rights by officers of the Lakeport Police Department. Plaintiff suffered an unlawful use of force in violation of her Fourth

1
COMPLAINT FOR DAMAGES FOR 42 U.S.C §1983 VIOLATION OF CIVIL RIGHTS

Amendment Rights; Plaintiff gave statements in violation of her *Miranda* Rights; and Plaintiff suffered cruel and unusual Punishment in violation of her Eighth Amendment Rights

## JURISDICTION AND VENUE

1. This complaint seeks remedies pursuant to 42 U.S.C. sections 1983 and 1988, alleging violations of the Fourth and Fifth to the Constitution of the United States of America, as well as the laws of the State of California.

2. The Superior Court of California, County of Lake, has concurrent jurisdiction over this matter as the allegations are for federally created rights, and Congress has not granted exclusive jurisdiction to the Federal Courts.

## PARTIES

3. Plaintiff, Patricia Lanier ("Plaintiff") was a resident of Lake County and at all times relevant hereto, resided in Lake County.

4. Defendant, City of Lakeport ("Lakeport"), is a city situated as the county hub for Lake County and is patrolled by the Lakeport Police Department ("LPD").

5. DOES 1 through 100 are officers of LPD who were employed as Law Enforcement Officers at the date and time of the incident and who were present before, during, and after the incident. As of the date of this complaint, the officers' names and badge numbers have yet to be ascertained.

## FACTS

6. On the morning of December 21, 2023, Plaintiff drove to the Lake County Courthouse in Lakeport, California to file a Request for Order to seek Emergency Custody of her son, whose father was intentionally keeping him from her.

///

COMPLAINT FOR DAMAGES FOR 42 U.S.C §1983 VIOLATION OF CIVIL RIGHTS

7.    Upon arriving at the Courthouse, Plaintiff parked her car and began walking toward the Courthouse.

8.    As she was crossing the street, she noticed her ex-husband, Elton Lanier (hereinafter "Lanier"), in his brother's car at the stop sign.

9.    Lanier was revving the engine as though he was going to run the stop sign and hit Plaintiff with his car.

10.    As Lanier drove through the intersection, while Plaintiff was in the cross-walk, Plaintiff jumped out of the roadway just in time to avoid being hit by the speeding vehicle.

11.    Plaintiff called 9-1-1 to report the assault and got into her car to follow Lanier to 1) get the license plate for authorities; and 2) make sure her son was safe as she saw him in the back seat of the car that had almost hit her.

12.    Plaintiff informed 9-1-1 dispatch that her son was in the car, and she requested assistance from authorities to assure her son's safety.

13.    Plaintiff followed Lanier for approximately two (2) minutes until Lanier pulled into the parking lot on 3RD St.

14.    Plaintiff exited her vehicle, went to her son, and told him the police were on the way, and everything would be fine.

15.    At that moment, Lanier exited the vehicle and struck Plaintiff with his forearm across her collarbone.

16.    Lanier is much taller, larger, and stronger than Plaintiff. His striking Plaintiff caused Plaintiff to fall to the ground.

17.    Lanier got Plaintiff's son out of the vehicle and began pulling him toward the courthouse.

COMPLAINT FOR DAMAGES FOR 42 U.S.C §1983 VIOLATION OF CIVIL RIGHTS

18. Plaintiff was in a lot of pain but managed to come to her son's aid as he was being dragged away by Lanier, and at one point being choked by Lanier.

19. Plaintiff bit Lanier's arm in an effort to get him to release her son, which he did.

20. Police arrived on scene after the parties were separated.

21. Police immediately placed Plaintiff in the back of a patrol car.

22. Plaintiff told the officers she was injured and that she had been hit by Lanier.

23. Plaintiff informed the officers that her neck, chest, and shoulder were in tremendous pain, and she was having a hard time breathing.

24. Plaintiff was not offered medical treatment.

25. Plaintiff was interviewed by the police.

26. Plaintiff was not read her *Miranda* Rights.

27. As it was Plaintiff that called the police for assistance, she was very forthcoming with the officers and explained what happened.

28. After recounting the story to more than one (1) officer, Plaintiff was handcuffed behind her back.

29. Plaintiff adamantly requested to be cuffed in the front rather than the back due to the pain in her chest and shoulder from Lanier's attack.

30. Numerous times Officers refused to cuff Plaintiff's hands in the front.

31. Again, Plaintiff was not offered medical treatment.

32. Plaintiff was placed under arrest, based on her statements and those of Lanier.

33. Plaintiff was then taken to jail where she was left in the custody of jail staff.

///

///

4
COMPLAINT FOR DAMAGES FOR 42 U.S.C §1983 VIOLATION OF CIVIL RIGHTS

FIRST CAUSE OF ACTION

**42 U.S.C. §1983 – VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION UNREASONABLE ARREST – EXCESSIVE FORCE**

34.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-33, as if fully set forth herein.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity. . . (42 U.S.C. § 1983 (LexisNexis, Lexis Advance through Public Law 119-52, approved December 11, 2025).)

35.    Judicial Council of California Civil Jury Instructions, explain that when alleging a Fourth Amendment Violation claim, a Plaintiff must show excessive force was used in the arrest, the defendants were acting or purporting to act in the performance of his or her official duties, the use of excessive force was a substantial factor in causing harm to Plaintiff, and Plaintiff's damages. (2 CACI VF-3010 (2025).)

36.    Placing handcuffs on an individual does not always constitute a use of force; however, using handcuffs which results in a complaint of pain is a use of force. Lakeport Police Department "Use of Force (Policy 300)" *Lexipol*, LLC 01/25/2022.

37.    Defendants arrived on scene in patrol vehicles wearing full police uniforms and identified themselves as police officers. Thus, Defendants were acting in the performance of

their duties when they refused to handcuff Plaintiff in the front despite her pleas and cries of pain.

38.    Plaintiff had just been hit on or about her collarbone by a man substantially larger than her, the attending police officers were informed of this information, and Plaintiff vocalized to the officers that she was in acute pain. Defendants caused Plaintiff severe and excruciating pain by requiring her hands be cuffed behind her back. Cuffing Plaintiff behind her back placed her shoulder in such a position that it put strain on her collarbone. The exact amount of additional damage to Plaintiff's shoulder caused by the Defendants actions is difficult to establish because Defendants did not seek medical treatment on scene for Plaintiff.  However, it is clear that due to Defendants' actions, substantial damage was caused to Plaintiff's shoulder/collarbone.

39.    As a direct and proximate result of Defendants' unreasonable and unlawful actions, Plaintiff has suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, medical bills, loss of income, severe emotional distress, mental anguish, embarrassment, humiliation, and physical pain and suffering.

40.    Further, an award of punitive damages is appropriate. A jury may be permitted to assess punitive damages in an action under 42 USC section 1983 when the defendant's conduct "involves reckless or callous indifference to the federally protected rights of others." (*Smith v. Wade* (1983) 461 U.S. 30, 56 [103 S.Ct. 1625, 1640, 75 L.Ed.2d 632, 651].)

41.    Even when an officer is only found partially at fault for the damages caused to a Plaintiff, a jury may award punitive damages. In *Mendoza v. City of West Covina,* the jury awarded punitive damages even though it found an officer only 70 percent at fault for the

6

COMPLAINT FOR DAMAGES FOR 42 U.S.C §1983 VIOLATION OF CIVIL RIGHTS

Plaintiff's injuries, because the officer acted with malice, oppression, or fraud. ((2012) 206 Cal.App.4th 702, 718 [141 Cal.Rptr.3d 553].)

Here, Defendants acted with a callous indifference to Plaintiff's Fourth Amendment Right against excessive force used by an arresting officer. As such, an award of punitive damages is appropriate.

## SECOND CAUSE OF ACTION

### 42 U.S.C §1983 – VIOLATION OF THE FIFTH AMENDMENT RIGHT OF THE UNITED STATES CONSTITUTION – FAILURE TO PROVIDE MIRANDA RIGHTS

42.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-41, as if fully set forth herein.

43.     "The Miranda standards were designed to assure protection of the U.S. Const., 5th Amend., privilege against self-incrimination under inherently coercive circumstances. Statements obtained by the police in violation of these standards are inadmissible to establish guilt." (*People v. Bradford* (1997) 15 Cal.4th 1229, 1261 [65 Cal.Rptr.2d 145, 939 P.2d 259].) A violation of *Miranda* rights occurs when Plaintiff is in custody or control of the government agent and is interrogated about the events that led to Plaintiff's arrest, without being given a *Miranda* warning. Custody and control is reviewed looking at the incident from the eyes of Plaintiff. Thus, if Plaintiff reasonably felt that they were not free to leave then they were in custody. (*People v. Caro* (2019) 7 Cal.5th 463, 533 [248 Cal.Rptr.3d 96, 442 P.3d 316].)

44.     Plaintiff was placed in the back seat of a patrol car and told to stay there by Defendants. Plaintiff in no way shape or form felt like she could leave the scene and believed herself to be in custody.

45.     Defendants arrived on scene in patrol vehicles wearing full police uniforms and identified themselves as police officers. Thus, Defendants were acting in the performance of

their duties when they refused to handcuff Plaintiff in the front despite her please and cries of pain.

46.    While Plaintiff was in the back of the patrol car she was asked to explain the events of the evening, which she did. At no time was Plaintiff read her *Miranda* rights and told she had the right to remain silent nor was she told that anything she said could be used against her.

47.    As a direct and proximate result of Defendants' unreasonable and unlawful actions, Plaintiff has suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, medical bills, loss of income, severe emotional distress, mental anguish, embarrassment, humiliation and physical pain and suffering.

47.    An award of punitive damages is appropriate in an action under 42 USC section 1983 when the Defendant's conduct "involves reckless or callous indifference to the federally protected rights of others." (*Smith v. Wade* (1983) 461 U.S. 30, 56 [103 S.Ct. 1625, 1640, 75 L.Ed.2d 632, 651].)

Here, Defendant acted with a callous indifference to Plaintiff's Fifth Amendment Right against self-incrimination. As such, an award of punitive damages is appropriate.

**WHEREFORE,** Plaintiff, Patricia Lanier, demands judgment against the Defendants for:

a) Compensatory damages for all past and future economic losses and expenses incurred by Plaintiff as a result of Defendants' misconduct;

b) General damages for all past and future physical pain, mental suffering, and emotional distress suffered by the Plaintiff;

c) Punitive damages to the fullest extent permitted by law;

COMPLAINT FOR DAMAGES FOR 42 U.S.C §1983 VIOLATION OF CIVIL RIGHTS

d) Pre-judgment and post-judgment interest;

e) Declare that the Defendants' acts, taken in their official capacities, as alleged above, violate the Fourth and Fifth and to the United States Constitution;

f) Declare that the Defendants' acts, taken in their individual capacities, as alleged above, violate the Fourth and Fifth and the United States Constitution;

g) Order the Defendants to adopt and implement policies, training, accountability systems, and practices to remedy the constitutional and statutory violations described herein;

h) Costs incurred in this action and reasonable attorney fees under 42 U.S.C. section 1988;

i) Such other further specific and general relief as may become apparent from discovery as this matter matures for trial.

THE PLAINTIFF DEMANDS A TRIAL BY JURY

*Jason Hight*

Jason R. Hight, Attorney for Plaintiff

COMPLAINT FOR DAMAGES FOR 42 U.S.C §1983 VIOLATION OF CIVIL RIGHTS

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jason Hight  SBN 350574<br>Law Office of Jason Hight<br>6366 Commerce Blvd #346 Rohnert Park, CA 94928<br>TELEPHONE NO.: 707-230-0095     FAX NO. :<br>EMAIL ADDRESS: jasonhight.law@gmail.com<br>ATTORNEY FOR *(Name):* Patricia Lanier | **ELECTRONICALLY FILED**<br>SUPERIOR COURT,<br>COUNTY OF LAKE<br>12/18/2025 at 03:53:43 PM<br>Krista D. LeVier<br>By _____<br>Melanie M Smith, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Lake
STREET ADDRESS: 255 North Forbes St, 4th Floor
MAILING ADDRESS: 255 North Forbes St., 4th Floor
CITY AND ZIP CODE: Lakeport 95453
BRANCH NAME:

CASE NAME:
Lanier v. City of Lakeport

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter     [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CV428090 |
| | | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [x] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 2
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/18/2025

Jason R. Hight
_____        ► _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

Lawyaw Package ID: 2a449326-68f1-4786-af26-b338a219d220

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET     CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel) (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
   Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic
  relations)*
 Sister State Judgment
 Administrative Agency Award
  *(not unpaid taxes)*
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

---

CM-010 [Rev. January 1, 2024]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
SUPERIOR COURT,
COUNTY OF LAKE
12/18/2025 at 03:53:43 PM
Krista D. LeVier
By _____
Melanie M Smith, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
City of Lakeport and Does 1-100

RECEIVED
APR 1 4 2026
BY: ......................

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Patricia Lanier

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | **CASE NUMBER:** *(Número del Caso):* CV428090 |
|---|---|

255 North Forbes St, 4th Floor Lakeport 95453

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jason Hight Law Office of Jason Hight          6366 Commerce Blvd #346 Rohnert Park, CA 94928     707-230-0095

| DATE: *(Fecha)* 12/18/2025 | Krista D. LeVier | Clerk, by *(Secretario)* _____ | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify)* City of lakepor
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* Governmental Entity
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courts.ca.gov* |
|---|---|---|

Jason Hight (SBN 350574)
Law Office of Jason Hight
6366 Commerce Blvd., #346
Rohnert Park, CA 94928
(707) 921-8020
Jasonhight.law@gmail.com

Attorney for Plaintiff
Patricia Lanier,

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LAKE

PATRICIA LANIER,

        Plaintiff,

vs.

CITY OF LAKEPORT AND DOES 1 THROUGH 100,

        Defendants.

Case No.: CV428090

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES RE: NOTICE OF MOTION AND MOTION FOR ORDER FOR RELIEF FROM CLAIMS PRESENTATION REQUIREMENTS OF GOVERNMENT CODE § 945.4 (PURSUANT TO GOVERNMENT CODE § 946.6)**

**Hearing Date:**
**Hearing Time:**
**Department:**

**INTRODUCTION**

      This Motion seeks to correct a procedural defect resulting from mistake and excusable neglect.

      Plaintiff submitted a claim for damages to Defendant, The City of Lakeport, on November 26, 2025 [See **Exhibit 1** in **Declaration of Jason R. Hight** attached to **Motion**], pursuant to Government Code Section 911.4. This application was filed within two years of the accrual of the cause of action. The claim for damages was rejected December 8, 2025 [See **Exhibit 2** in **Declaration of Jason R. Hight** attached to **Motion**].

**RELIEF FROM DISMISSAL IS WARRANTED**

1

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES RE: NOTICE OF MOTION AND MOTION FOR ORDER FOR RELIEF FROM PROVISIONS OF GOVERNMENT CODE § 945.4. PURSUANT TO GOVERNMENT CODE § 946.6

Plaintiff believed that submission and rejection of the alleged late claim was sufficient to proceed with litigation and, as a result, Plaintiff filed a Complaint with the court before obtaining relief under Government Code § 946.6. Plaintiff's filing of the Complaint prior to obtaining § 946.6 relief was the result of a good faith mistake regarding procedural requirements. California courts strongly favor resolving cases on their merits (Elston v. City of Turlock (1985) 38 Cal.3d 227.) and so, in order to correct the procedural defect, Plaintiff now files this motion for relief under Government Code § 946.6 and requests it be granted.

**RELIEF UNDER GOVERNMENT CODE §946.6 IS NECESSARY**

A claim that is not timely presented does not satisfy the Government Claims Act (Shank v. County of Los Angeles (1983) 139 Cal.App.3d 152). Thus, although Plaintiff submitted a claim, it was legally ineffective absent relief under Government Code § 946.6 and such relief is required before maintaining this action.

**RELIEF SHOULD BE LIBERALLY GRANTED**

Relief under Government Code § 946.6 must be granted liberally where the failure resulted from mistake or excusable neglect (Ebersol v. Cowan (1983) 35 Cal.3d 427).

**PRAYER FOR RELIEF:** Plaintiff respectfully requests this Court grant relief from the provisions of Government Code § 945.4 requirement and grant permission to maintain the current lawsuit filed after Plaintiff's late-claim application described herein was denied by the government agency..

Dated: January 20, 2026

_____
Jason R. Hight
Attorney for Plaintiff, Patricia Lanier

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES RE: NOTICE OF MOTION AND MOTION FOR ORDER FOR RELIEF FROM PROVISIONS OF GOVERNMENT CODE § 945.4. PURSUANT TO GOVERNMENT CODE § 946.6

Jason Hight (SBN 350574)
Law Office of Jason Hight
6366 Commerce Blvd., #346
Rohnert Park, CA 94928
(707) 921-8020
Jasonhight.law@gmail.com

Attorney for Plaintiff
Patricia Lanier,

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LAKE

| PATRICIA LANIER, | Case No.: CV428090 |
|---|---|
| Plaintiff, | |
| | **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER FOR RELIEF FROM CLAIMS PRESENTATION REQUIREMENTS OF GOVERNMENT CODE § 945.4 (PURSUANT TO GOVERNMENT CODE § 946.6)** |
| vs. | |
| CITY OF LAKEPORT AND DOES 1 THROUGH 100, | **Hearing Date:** |
| Defendants. | **Hearing Time:** **Department:** |

**JURISDICTION**

1.      Plaintiff, Patricia Lanier, brings this motion for relief from Government Claim Requirement pursuant to Government Code Section 946.6 for relief from the claim presentation requirements of Section 945.4. This Court is the proper Court for filing as it is the venue where the underlying cause of action accrued.

**FILING OF CLAIM**

2.      On November 26, 2025, Petitioner filed a claim for damages with Defendant, The City of Lakeport, pursuant to Government Code Section 911.4. This application was filed within two years of the accrual of the cause of action. The claim for damages was rejected December 8, 2025.

1
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER RELIEVING PLAINTIFF FROM PROVISIONS OF
GOVERNMENT CODE § 945.4. PURSUANT TO GOVERNMENT CODE § 946.6

**CLAIM INFORMATION (GOV. CODE § 910)**

5.      **Claimant Address:**  6366 Commerce Blvd #346, Rohnert Park, CA 94928

**Occurrences:** On the morning of December 21, 2023, the Plaintiff, Patricia Lanier, drove to the Lake County Courthouse in Lakeport, California to file a Request for Order to seek Emergency Custody of her son, whose father was intentionally keeping him from her. Instead of being able to file her Request for Order, Plaintiff endured violations of her civil rights by officers of the Lakeport Police Department. Plaintiff suffered an unlawful use of force in violation of her Fourth Amendment Rights; Plaintiff gave statements in violation of her Miranda Rights; and Plaintiff suffered cruel and unusual Punishment in violation of her Eighth Amendment Rights.

Upon arriving at the Courthouse, Plaintiff parked her car and began walking toward the Courthouse. As she was crossing the street, she noticed her ex-husband, Elton Lanier (hereinafter "Lanier"), in a car at the stop sign. Lanier was revving the engine as though he was going to run the stop sign and hit Plaintiff with his car. As Lanier drove through the intersection, while Plaintiff was in the crosswalk, Plaintiff jumped out of the roadway just in time to avoid being hit by the speeding vehicle. Plaintiff called 9-1-1 to report the assault and got into her car to follow Lanier to, 1) get the license plate for authorities; and 2) make sure her son was safe as she saw him in the back seat of the car that had almost hit her.

Plaintiff informed 9-1-1 dispatch that her son was in the car, and she requested assistance from authorities to assure her son's safety. Plaintiff followed Lanier for approximately two (2) minutes until Lanier pulled into the parking lot on 3RD St. Plaintiff exited her vehicle, went to her son and told him the police were on the way, and everything would be fine. At that moment, Lanier exited the vehicle and struck Plaintiff with his forearm across her collarbone. Lanier is much taller, larger, and stronger than Plaintiff. His striking Plaintiff caused Plaintiff to fall to the ground.

Lanier got Plaintiff's son out of the vehicle and began pulling him toward the courthouse. Plaintiff was in a lot of pain but managed to come to her son's aid as he was being dragged away by Lanier, and at one point being choked Lanier. Plaintiff bit Lanier's arm in an effort to get him to release her son, which he did.

Police arrived on scene after the parties were separated. Police immediately placed Plaintiff in the back of a patrol car. Plaintiff told the officers she was injured and that she had been hit by Lanier. Plaintiff

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER RELIEVING PLAINTIFF FROM PROVISIONS OF GOVERNMENT CODE § 945.4. PURSUANT TO GOVERNMENT CODE § 946.6

informed the officers that her neck, chest, and shoulder were in tremendous pain, and she was having a hard time breathing. Plaintiff was not offered medical treatment.

Plaintiff was interviewed by the police. Plaintiff was not read her Miranda Rights. As it was Plaintiff that called the police for assistance, she was very forthcoming with the officers and explained what happened. After recounting the story to more than one (1) officer, Plaintiff was handcuffed behind her back. Plaintiff requested to be cuffed in the front rather than the back due to the pain in her chest and shoulder from Lanier's attack. Numerous times Officers refused to cuff Plaintiff's hands in the front. Plaintiff was placed under arrest based on her statements and those of Lanier. Plaintiff was then taken to jail where she was left in the custody of jail staff.

**Damages:** Plaintiff suffered, and continues to suffer, substantial past and future damages, including, but not limited to medical bills, loss of income, severe emotional distress, mental anguish, embarrassment, humiliation, physical pain and suffering, and loss of physical custody of her son.

**Employees Involved:** Officers of LPD who were employed as Law Enforcement Officers at the date and time of the incident and who were present before, during, and after the incident.

**PRAYER FOR RELIEF:** Plaintiff respectfully requests that this Court issue an order relieving Plaintiff from the provisions of Government Code Section 945.4 regarding the claim described herein.

Dated: January 20, 2026

_/ ₁P H₁ₕₗₕ_

_____
Jason R. Hight
Attorney for Plaintiff, Patricia Lanier

3
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER RELIEVING PLAINTIFF FROM PROVISIONS OF
GOVERNMENT CODE § 945.4. PURSUANT TO GOVERNMENT CODE § 946.6