UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

PATRICIA LANIER,
Plaintiff,

v.

CITY OF LAKEPORT,
Defendant.

Case No. 26-cv-04502-RMI

**ORDER ON MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Re: Dkt. No. 15

This matter is before the court on Defendant City of Lakeport's Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"). Dkt. 15. Plaintiff Patricia Lanier has filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of her constitutional rights under the Fourth, Fifth, and Fourteenth Amendments, in addition to state law tort claims. Dkt. 13. Both parties have consented to the jurisdiction of a magistrate judge, dkts. 5, 7, and both parties have filed briefs, dkts. 15, 19, 20, 22.[1] For the reasons stated below, the Motion to Dismiss is

---

[1] Defendants filed the motion to dismiss on July 20, 2026, dkt. 15, and Defendants filed a Notice of Non-Opposition on August 5, 2026, dkt. 19. In the Notice of Non-Opposition, Defendants argue that Lanier's opposition to the motion to dismiss needed to be filed by August 3, 2026, within the fourteen (14) day timeframe provided by Civil Local Rule 7-3(a). Lanier did not file her opposition until August 8, 2026. This is not her first delay. She similarly failed to timely file an opposition to Defendant's motion to dismiss the original complaint. Dkt. 10.

Additionally, every case cited in Plaintiff's Opposition brief lacks a pinpoint citation. Civil Local Rule 7-4 requires that parties' briefs cite pertinent authorities. This includes pinpoint citations to case law, as appropriate. Failure to provide pinpoint citations muddies the claims. These deficiencies are unacceptable, particularly where a cited authority is central to an argument.

All future filings must comply with the Federal Rules of Civil Procedure and the Civil Local Rules. Plaintiff is hereby on notice that future untimeliness and deficiencies will result in sanctions, which may include striking the late filing, dismissal of some or all Plaintiff's claims, or monetary sanctions.

**GRANTED**. Plaintiff is granted leave to amend her Complaint as described herein.

## I. BACKGROUND

Lanier alleges the following facts: On December 21, 2023, Lanier visited the Lake County Courthouse in Lakeport, California, seeking emergency custody of her son from her ex-husband. FAC ¶¶ 11–12. While crossing the street to the courthouse, Lanier's ex-husband appeared and accelerated his car towards her, and she jumped to avoid being hit. FAC ¶¶ 12–14. She called 911, rushed back to her vehicle, and followed her ex-husband until he stopped in a parking lot. FAC ¶¶ 15–16. Plaintiff approached her ex-husband's vehicle to grab her son, but her ex-husband exited the vehicle and struck her. FAC ¶¶ 17–18. She then bit her ex-husband's arm. FAC ¶ 20.

Then, Doe Defendants, Lakeport police officers, arrived. FAC ¶ 21. The officers handcuffed Lanier and placed her in the back of a patrol car. *Id.* She told them that she sustained neck, chest, and shoulder injuries in the altercation and was experiencing pain and difficulty breathing. FAC ¶ 22. She requested to be handcuffed in the front—rather than in the back—to ease the pain, but the officers did not do so. *Id.* Nor did the officers offer medical treatment. FAC ¶ 23. The officers arrested and questioned her, but they did not provide *Miranda* warnings. FAC ¶¶ 24–25. Based on her un-*Mirandized* statements, she was taken to jail. FAC ¶ 25.

On December 18, 2025, Lanier filed her lawsuit in Lake County Superior Court, and Defendant City of Lakeport removed the case to federal court on May 14, 2026. *See* Notice of Removal, Dkt. 1. On July 6, 2026, Lanier filed the FAC against the City of Lakeport and Doe Defendants, adding Doe Defendants, along with more facts and claims than the initial complaint. Dkt. 13.

## II. LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper when an operative complaint either fails to advance "a cognizable legal theory" or fails to allege "sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating 12(b)(6) motions to dismiss, courts must (1) construe the operative complaint in the light most favorable to the

plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether the plaintiff can prove any set of facts to support a claim that would merit relief. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, courts are not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

To survive dismissal under these standards, a complaint must contain sufficient factual allegations to establish a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). This task "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 557). Plausibility is established where the well-pleaded facts permit the court to infer more than the mere *possibility* of misconduct and show that the pleader is entitled to relief. *See Iqbal*, 556 U.S. at 678–79.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires."

## III. DISCUSSION

The FAC includes both federal and state law claims. Defendants filed a motion to dismiss on July 20, 2026. Dkt. 15.

### A. Federal Law Claims

Defendants move to dismiss all of Plaintiff's federal claims for failure to state a claim.

#### 1. Fourth Amendment

Lanier's First Claim alleges excessive force during her arrest in violation of the Fourth Amendment. FAC ¶¶ 28–31.

Claims of excessive force in violation of the Fourth Amendment are analyzed under the "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989). "In assessing the objective reasonableness of a particular use of force, [courts] consider: (1) the severity of the intrusion on the individual's Fourth Amendment rights by evaluating the type and amount of force inflicted, (2) the government's interest in the use of force, and (3) the balance between the gravity

of the intrusion on the individual and the government's need for that intrusion." *Lowry v. City of San Diego*, 858 F.3d 1248, 1256 (9th Cir. 2017) (citation modified).

Here, Lanier does not state a plausible claim for relief under the Fourth Amendment's prohibition on the use of excessive force during arrests. The FAC alleges: (1) that Lanier told the Lakeport police officers that she was experiencing significant pain and difficulty breathing from the altercation with her ex-husband, FAC ¶ 22; (2) that Lanier requested to be handcuffed in the front—rather than in the back—to ease the pain, but the officers did not do so, *id*.; and (3) that the officers did not offer her medical treatment. FAC ¶ 23. These facts are insufficient to show that the officers applied force during the arrest, let alone unreasonable force. Notably, Lanier does not allege that she suffered any harm from the handcuffs. *See Wall v. Cnty. of Orange*, 364 F.3d 1107, 1112 (9th Cir. 2004) (recognizing that allegations of "overly tight handcuffing can constitute excessive force"); *Palmer v. Sanderson*, 9 F.3d 1433, 1436 (9th Cir. 1993) (finding that the "abusive application of handcuffs" and the officer's refusing to loosen handcuffs, which plaintiff alleged caused pain and bruises, could constitute use of excessive force). Lanier's Opposition recognizes as much and offers to "particularize the nature, duration, and tightness of the handcuffing, the officers' identities, and contemporaneous complaints." Opp'n 4. Accordingly, the First Claim is **DISMISSED** with leave to amend.

**2. Fourteenth Amendment**

Lanier's Second Claim alleges two violations of the Fourteenth Amendment: malicious prosecution and substantive due process. First, Lanier concedes that her malicious prosecution claim must be pled under the Fourth Amendment. Opp'n 5.

Second, the Due Process Clause of the Fourteenth Amendment prohibits the government from depriving individuals of their life, liberty, or property, without due process of law. U.S. Const. amend. XIV, § 1. "The substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998) (citation omitted).

Here, Lanier does not state a plausible claim for relief under the Fourteenth Amendment's

substantive due process guarantees. Lanier alleges that her custodial interrogation without *Miranda* warnings, which Defendants concede was error, *see* Mot. 5, violated her substantive due process rights. FAC ¶¶ 24–25, 32–36. She claims that the officers' conduct was "shocking to the conscious, beyond the bounds of acts tolerable in a civilized society, and so egregious and outrageous that they may fairly be said to shock the contemporary conscious." FAC ¶ 35. This allegation is a mere recitation of the legal standard, and the sole fact that Lanier was questioned without the *Miranda* warnings does not state a plausible claim for relief arising from the substantive due process right to be free from coercive questioning or other unlawful police techniques. *See Stoot v. City of Everett*, 582 F.3d 910, 928–29 (9th Cir. 2009). Again, Lanier's Opposition recognizes as much and offers to provide "more detail regarding the manner, duration, and coerciveness of interrogation." Opp'n 5. Accordingly, the Second Claim is **DISMISSED** with leave to amend.

**3. Fifth Amendment**

Lanier's Third Claim alleges a Fifth Amendment violation for questioning her without *Miranda* warnings and for using her un-*Mirandized* statements against her. FAC ¶¶ 37–39.

The Fifth Amendment requires that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. "[C]oercive police questioning does not violate the Fifth Amendment, absent use of the statements in a criminal case." *Stoot*, 582 F.3d at 923 (citing *Chavez v. Martinez*, 538 U.S. 760, 766 (2003)).

Here, to begin with, the mere allegation of a *Miranda* violation alone does not give rise to a Section 1983 claim. *See Vega v. Tekoh*, 597 U.S. 134, 150 (2022) ("[A] violation of *Miranda* does not necessarily constitute a violation of the [Fifth Amendment], and therefore such a violation does not constitute 'the deprivation of [a] right . . . secured by the Constitution.' 42 U.S.C. § 1983."). Lanier has alleged that the un-*Mirandized* statements were "used against [her] in a manner that violated due process protections guaranteed by the Fifth Amendment." FAC ¶ 39. But this is conclusory and fails to plead coercion or the use of the statements in a criminal case, let alone with any specificity. Once again, Lanier's Opposition offers to provide the alleged uses in an

amended pleading. Opp'n 6.[2] Accordingly, the Third Claim is **DISMISSED** with leave to amend.

**4. Conspiracy**

Lanier's Fourth Claim alleges a conspiracy to violate civil rights under 42 U.S.C. § 1983. FAC ¶¶ 40–43.

Proving a conspiracy under Section 1983 requires plaintiffs to "show 'an agreement or meeting of the minds to violate constitutional rights.'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir.1989)). "Such an agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants." *Mendocino Env't Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1301 (9th Cir. 1999).

Here, Lanier does not state a plausible conspiracy claim. Lanier alleges that:

> Doe Defendants acted in conspiracy and with agreement, permission, ratification, and approval of their joint conduct to (1) unlawfully detain Ms. Lanier with an unreasonable use of force; (2) jointly act to use excessive force during Ms. Lanier's detention; and (3) collaborate to interrogate Ms. Lanier while she was detained and using this unlawfully gained statement to arrest Ms. Lanier, place her in custody and file a report with said statement to the District Attorney's Office where it was used against Ms. Lanier is coercing her to make a plea deal.

FAC ¶ 43.[3] Stripped of conclusory statements, the fact that Lakeport police officers—working in the same department—"detained" and "interrogated" Lanier is not sufficient to state a conspiracy claim. *Burns v. Cnty. of King*, 883 F.2d 819, 821 (9th Cir. 1989) ("To state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific

---

[2] Lanier alternatively offers to reassert the Fifth Amendment theory "under the Fourteenth Amendment coercive-interrogation/substantive due process framework" "if the Court determines no criminal case occurred." Opp'n 6. First, it would be improper for the court to determine a factual issue at the motion to dismiss stage. Second, the court could not make this determination because the FAC fails to allege any use in a criminal case.

[3] The cases cited by the parties on this issue concern conspiracies between state and private actors. However, this claim only alleges a conspiracy amongst the Doe Defendants. The court need not address this legal issue at this point, but if the next amended complaint keeps the conspiracy claim, then briefing for any subsequent motion to dismiss shall address this question.

facts to support the existence of the claimed conspiracy."). Once again, Lanier's Opposition offers to provide more factual allegations, such as "communications, joint decision-making, and role assignments." Opp'n 7. Accordingly, the Fourth Claim is **DISMISSED** with leave to amend.

**5. *Monell***

Lanier's Fifth and Sixth Claims allege, respectively, that Defendant City of Lakeport violated her constitutional rights (1) pursuant to unconstitutional customs and practices and (2) by failing to train and supervise. FAC ¶¶ 44–56.

"[A] municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue. *Respondeat superior* or vicarious liability will not attach under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694–95 (1978)). "[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019). Furthermore, "it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997). Deliberate conduct or indifference is required. *See id.*; *City of Canton*, 489 U.S. at 388–89. Therefore, plaintiffs "must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Brown*, 520 U.S. at 404. For this reason, only in rare circumstances will "a single instance of unlawful conduct [be] []sufficient to state a claim for municipal liability . . . ." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1154 (9th Cir. 2021).

Here, both of Lanier's *Monell* claims fall short because they are premised on a single incident, and this single incident as alleged does not meet the high bar for single incident liability. Lanier's fifth claim alleges that the City of Lakeport has (1) "a *de facto* policy, custom, or practice of not providing medical attention to citizens for the simple reason that the arresting persons do not believe the citizen"; and (2) "a *de facto* policy, custom, or practice to not provide citizens who are detained, their *Miranda* warnings prior to interrogation." FAC ¶ 46. Lanier alleges that these

policies or customs "caused . . . all of the violations of Ms. Lanier's constitutional rights" and are "the result of deliberate indifference." FAC ¶¶ 47–48. Similarly, Lanier's sixth claim alleges that the City of Lakeport and Doe Defendants "have failed to properly train, supervise, and/or discipline employees, officers, managers, and supervisors within the City of Lakeport Police Department as to the legal requirements and protections applicable to persons as set forth in the United States and California Constitutions, and other laws" and that these failures "are intentional and/or the result of deliberate indifference." FAC ¶ 53.

As alleged, both claims are premised solely on Lanier's arrest and interrogation, and bolstering the claims by repeating legal elements and conclusions cannot substitute for factual allegations of a policy or custom. "[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). Nor do the alleged facts state a claim for the rare circumstance of single incident *Monell* liability. *See Benavidez*, 993 F.3d at 1154 ("life-threatening decisions"); *see also Est. of Chivrell v. City of Arcata*, 623 F. Supp. 3d 1032, 1041 (N.D. Cal. 2022) (quoting *Brown*, 520 U.S. at 398) (holding that "municipal liability may be 'triggered by evidence of a single violation of federal rights' when accompanied by a showing of the municipality's failure to train 'its employees to handle recurring situations presenting an obvious potential for such a violation'"). And once again, Lanier's Opposition offers to provide more factual allegations, such as "prior similar complaints against [the Lakeport Police Department]; policy titles and training bulletins; known omissions in custodial care/Miranda training; and final policymaker ratification of the conduct." Opp'n 8. Accordingly, the Fifth and Sixth Claims are **DISMISSED** with leave to amend.

### B. State Law Claims

Lanier's Seventh and Eighth Claims are state tort law claims for negligence and intentional infliction of emotional distress. FAC ¶¶ 57–66. Defendant moves to dismiss based on the California Tort Claims Act ("CTCA"). Mot. 9–10.

United States District Court
Northern District of California

Under the CTCA, "[b]efore a plaintiff can seek money damages from a government entity or its employees on a tort claim, . . . the plaintiff [must] file an administrative claim form with the relevant government entity no more than six months after the cause of action accrues." *Johnson v. Cty. of Santa Clara*, No. 5:18-CV-06264-EJD, 2020 WL 870933, at *6 (N.D. Cal. Feb. 21, 2020) (citing Cal. Gov't. Code §§ 905, 911.2, 945.4, 950). "In federal court, the failure to allege facts that either demonstrate or excuse compliance with the [CTCA] will subject a state law claim to dismissal." *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1152 (E.D. Cal. 2009). Simply put, "a plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement." *State v. Superior Ct.,* 13 Cal. Rptr. 3d 534, 541 (Cal. Ct. App. 2004).

Here, the FAC lacks any facts demonstrating compliance with the CTCA. Lanier merely states that she "has attempted to comply with the [CTCA]." FAC ¶¶ 59, 64. Lanier's Opposition offers to "supply claim dates and attach or incorporate the claim and rejection notices." Opp'n 8. Accordingly, the Seventh and Eighth Claims are **DISMISSED** with leave to amend.

## IV. CONCLUSION

Defendant's Motion to Dismiss all eight claims in the First Amended Complaint is **GRANTED**. The Complaint is dismissed with leave to amend as described herein. Plaintiff shall have 45 days from the date of this order to file an amended complaint.

**IT IS SO ORDERED.**

Dated: October 13, 2026

ROBERT M. ILLMAN
United States Magistrate Judge